UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY LEMON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-6540** |
| **MIKE SMITH FOREST PRODUCTS, L.L.C., HARVEST HAUL TRUCKING, INC., AND AMTRAK NATIONAL RAILROAD PASSENGER CORPORATION AND SUBSIDIARIES d/b/a AMTRAK, ET AL** | **SECTION: "B"(2)** |

## ORDER AND REASONS

Before this Court is Third-party Defendants, Timber Transport Inc. and Mattei Companies, L.L.C., Motion for Summary Judgment alleging that Third-party Plaintiff, Amtrak's, claims have prescribed. (Rec. Doc.20). The motion is opposed. (Rec. Doc. 26). After review of the pleadings and application of the law, and for the following reasons,

**IT IS ORDERED** that Summary Judgment is **GRANTED**.

### BACKGROUND

Dorothy Lemon filed suit to recover damages for injuries she suffered after an Amtrak train she was riding collided with a tractor-trailer driven by an employee of Timber Transport, Inc., on October 5, 2006, in Tangipahoa Parish, Louisiana. (Rec. Doc. 20-2 at 1). Ms. Lemon filed suit on October 5, 2007, against Amtrak, Harvest Haul Trucking, Inc., Timber Haul Transport, Inc. (Rec. Doc. 6). On March 18, 2008, Amtrak (Third-party Plaintiff) filed a cross-claim against Timber Transport (Third-party Defendant) to recover for damage to its train. (Rec. Doc. 14).

1

Third-party Defendants allege Third-party Plaintiff's claims have prescribed pursuant to Louisiana Civil Code article 3492 which provides "delictual actions are subject to a liberative prescription of one year." (Rec. Doc. 20-2 at 2). Prescription begins to run from the day the injury is sustained. Therefore, Third-party Defendants argue Third-party Plaintiff's claims have prescribed because Third-party Plaintiff's cross-claim was filed one year and five and a half months after the accident that caused Third-party Plaintiff's property damage. (Rec. Doc. 20-2 at 2). Accordingly, Third-party Defendants ask this Court to grant their Motion for Summary Judgment.

Third-party Plaintiff argues this Court is not bound by Louisiana laws governing prescription. (Rec. Doc. 26 at 2). Third-party Plaintiff argues Federal Rule of Civil Procedure Rule 16(b) governs the prescriptive period for cross-claims which are dictated by the trial court's scheduling order. (Rec. Doc. 26 at 3). Furthermore, Third-party Plaintiff argues that because Louisiana Civil Code article 3462 is a "recodification" of Louisiana Revised Statute 9:5801, any claim asserted under the same material facts serves to interrupt prescription. (Rec. Doc. 26 at 4). Therefore, Third-party Plaintiff argues that when Ms. Lemon filed her personal injury claim against Third-party Defendants, this served to interrupt prescription as to all claims arising from the same event. (Rec. Doc. 26 at 4). For these reasons, Third-party Plaintiff requests that this Court deny Third-party Defendants' Motion for Summary Judgment.

# DISCUSSION

## A. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary Judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment on the matter. Fed. R. Civ. P. 56(c); See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party has the burden of showing there is no genuine issue of material fact, but may discharge this burden by showing the absence of evidence necessary to support an essential element of the nonmoving party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## B. PRESCRIPTIVE PERIODS UNDER LOUISIANA LAW

State law claims in federal court are governed by substantive state law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, federal courts in Louisiana customarily apply one year liberative prescription to delictual actions. *See McClintock v. School Board East Feliciana Parish*, 299 Fed. Appx. 363, 366 (5th Cir. 2005); *Board of Trustees New Orleans Employers Int'l Longshoreman's Ass'n, et al. v. Gabriel, Roeder, Smith, and Co.*, 529 F.3d 506, 510 (5th Cir. 2008). A delictual action is one arising from intentional misconduct, negligence, or other offenses and quasi-offenses. La. C.C. art. 3492, n.(C). Third-party Plaintiff's cross-claim for property damage allegedly caused by Third-party Defendants' negligence is a delictual action subject to one-year liberative prescription.

Third-party Plaintiff asks this Court to consider *Northland Ins. Co. v. Kajan Specialty Co., Inc.*, a Louisiana First Circuit Court of Appeals case wherein the court ruled prescription is interrupted as to all claims arising from the same material facts when a suit is filed for any injury arising from those facts. 277 So.2d 518, (La. Ct. App. 1st Cir. 1973). *Northland* was decided during a period when Louisiana Circuit Courts were split on this issue. This split was later resolved by *Brown & Root v. Missouri Pacific Railroad Co.*, 381 So. 2d 1255(La. 4th Cir.), writs denied, 385 So.2d 794 (La. 1980). Subsequently, the federal court for the Eastern District of Louisiana has ruled similar to *Brown*, holding the prescriptive period for cross-claims arising from the same event is only interrupted when a plaintiff files a suit based on the same cause of action. *Holden v. Placid Oil*, 494 F.Supp. 292, 295 (E.D. La. 1980)(citing *Brown*). In other words, when a plaintiff files a personal injury suit, this will not interrupt prescription as to suits arising from property damage caused by the same event. *Holden*, 494 F.Supp at 295, n. 5. The exception to that result could arise where the cross-claimant or intervenor seeks to assert claims as an assignee or subrogee to the plaintiff's claims. There is no evidence of that here. Therefore, the prescriptive period for Amtrak's cross-claim arising from property damage was not interrupted by Ms. Lemon's filing a personal injury suit[1]. Consequently, Third-party Plaintiff's

---

[1] This seems like an unfair result where the separate causes of action still involve or arise from the same factual incident, culminating in the actions asserted here. However, Louisiana law would lead to this result. Federal

4

cross-claim has prescribed.

Accordingly,

**IT IS ORDERED** that Third-Party Defendants' Motion for Summary Judgment on Third Party Plaintiff's counterclaim is **GRANTED**.

New Orleans, Louisiana this 26th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

"relation back" rules for determining the timeliness of an amendment, etc. would have no application here. *Anderson v. Papillion et al.*, 445 F.2d 841, 842 (5th Cir. 1971) (holding that "relation back" amendments have no applicability in a diversity case because *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530 (U.S. 1949) prohibits a federal court from doing more than what a state court can do.)